IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MARÍA DEL CARMEN WARREN-GONZÁLEZ, personally and on behalf of her daughter, Z.C.W., <br><br> Plaintiffs, <br><br> v. <br><br> DEPARTMENT OF EDUCATION OF THE COMMONWEALTH OF PUERTO RICO, and the COMMONWEALTH OF PUERTO RICO, <br><br> Defendants. | CIVIL NO. 15-1566 <br><br><br> ATTORNEY'S FEES AND COSTS |

**VERIFIED COMPLAINT**

**TO THE HONORABLE COURT:**

   **NOW COME** plaintiffs, through their undersigned attorney, and very respectfully state, allege and pray as follows:

**INTRODUCTION**

   1.   This is an action for attorney's fees and costs brought by Mrs. María del Carmen Warren-González, personally and on behalf of her daughter, Z.C.W.

   2.   Z.C.W. is an individual with disabilities, pursuant to the Individuals with Disabilities Education Act (hereinafter "IDEA"), 20 U.S.C. §§ 1400 et seq.

   3.   This action arises under section 1415(i)(3)(B) of the IDEA which provides that a federal district court can award attorneys' fees to the parents or guardian of an individual with

disability who is a prevailing party in an administrative proceeding (known as "due process"). See 20 U.S.C. § 1415(i)(3)(B)(i)(I). See also 34 C.F.R. § 300.517(a)(1)(i) (2010).

## JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 20 U.S.C. §§ 1415 (i)(2)(A) and (i)(3)(A); 28 U.S.C. §§ 1331, 1343 (a)(4), 2201 and 1441; 20 U.S.C. § 1415. See also 34 C.F.R. § 300.516 (2010).

5. Venue is proper in this District Court pursuant to 28 U.S.C. § 1391 as the events giving rise to this claim occurred in this district, and all parties are residents of Puerto Rico.

## PARTIES

6. Co-plaintiff Mrs. María del Carmen Warren-González is the mother and legal custodian of Z.C.W.

7. Co-plaintiff Z.C.W. is a twenty eight (28) year old woman who is diagnosed with severe cerebral palsy, condition for which she requires individualized attention and multiple accommodations in order to be able to receive a free appropriate public education.

8. Z.C.W. resides with her parents and sister in the Municipality of Carolina, Puerto Rico.

9. Z.C.W. is duly registered with the Department of Education of the Commonwealth of Puerto Rico (hereinafter

referred to as the "DOE") as an individual with severe disabilities.

10. Z.C.W.'s registration number in the DOE's Special Education Program is 100-03-415, and is registered on the DOE's Carolina District, San Juan Region.

11. Z.C.W. is currently enrolled in DOE's Arrayanes public school in the Municipality of Carolina.

12. As a student with disabilities, Z.C.W. is qualified by federal and state law to participate in the academic and related services program of the public education system administered by the DOE.

13. Albeit her age, Z.C.W. is still receiving special education services from the DOE under the IDEA in order to compensate for the years that the DOE wrongfully failed to provide her with a free appropriate public education.

14. Plaintiffs seek that defendants be ordered to provide the attorney's fees and costs entitled to them as prevailing parties during administrative case number 2013-100-083, as well as those additional fees and costs incurred in the prosecution of the instant action up to its final resolution.

15. The Commonwealth of Puerto Rico is included as co-defendant due to the DOE's lack of capacity to sue and be sued. The Commonwealth is represented by the Department of Justice, whose physical address is Olimpo Street, Axtmayer Corner, Stop

11, San Juan, P.R., and postal address is P.O. Box 9020192, San Juan, P.R. 00902-0192.

16. The Department of Education is the agency of the Commonwealth of Puerto Rico responsible for providing and administering the public education system in the Commonwealth of Puerto Rico. The physical address of the DOE is Urbanización Industrial Tres Monjitas, Avenida Federico Costas, Equina Calaf, Hato Rey, Puerto Rico, 00919, and the postal address is P.O. Box 190759, San Juan, P.R. 00917.

17. As a recipient of federal funding, the DOE is responsible for providing a free appropriate public education suited to the particular needs of Z.C.W. Co-plaintiff Z.C.W. is an individual with severe disabilities who is still being compensated by the DOE for the years that the educational agency failed to provide her with a free appropriate public education.

### STATEMENT OF THE CASE

18. On October 1, 2013, Mrs. Warren-González filed on behalf of her daughter administrative complaint number 2013-100-083 requesting that the DOE be ordered, *inter alia*, to provide several educational and related services for Z.C.W. including an 2013-2014 Individualized Education Program (IEP), transitional services to independent living, reevaluations in assistive technology and adapted physical education, among several other services.

19. Following the engagement of the undersigned counsel, and grant of leave from administrative law judge (ALJ) Luis Tomassini, plaintiffs filed an amended administrative complaint on November 27, 2013.

20. The DOE opted to fiercely litigate plaintiffs' due process complaint to the extent of assigning two lawyers from its Legal Division to the case (attorneys Brenda Virella and Pedro Solivan), which is highly uncommon in these types of cases.

21. Furthermore, the DOE assigned a great number of personnel to assist its lawyers, to the point that in the four (4) IEP team meetings that were held pursuant to the ALJ's order, the DOE had at least twelve different employees and/or independent contractors in every such meeting.

22. Due to the inordinate amount of resources spent by the DOE in the litigation of administrative complaint number 2013-100-083, and the agency's reluctance in providing adequate educational and related services to Z.C.W., the case lasted more than 1 year and 6 months up to its final resolution issued on April 29, 2015.

23. During litigation at the administrative level, one hearing session was held on December 19, 2013 followed by four (4) IEP team meetings held on January 10, 2014, January 31, 2014, February 12, 2014, and March 7, 2014.

24. As expressly stated in the Order issued on December 20, 2013 by ALJ Luis Tomassini-Segarra, the parties' respective counsel were ordered to assist to each of the IEP team meetings held as a result of the due process proceedings. The fact that the IEP team meetings were convened pursuant to the ALJ's order was also stated in the final resolution issued by ALJ Tomassini on April 29, 2015.

25. The hearing was held in the DOE's Special Education Services Center in the Municipality of Carolina. The four IEP team meetings were held in the premises of Z.C.W.'s educational placement, the Arrayanes public school in Carolina.

26. Following the removal of the DOE's former Associate Secretary of Special Education, Mrs. Doris Zapata, and the naming of attorney Carlos Rodríguez Beltrán to the position, the DOE switched gears in the underlying litigation and opted to engage in good faith settlement negotiations aimed at concluding with the costly litigation. Current Secretary Rodríguez-Beltrán even replaced the two lawyers for the Director of the DOE's Special Education Legal Division, Mrs. Flory Mar De Jesús-Aponte, as counsel in charge of representing the DOE in the administrative proceedings.

27. As a result of their good faith negotiations, on April 29, 2015 the parties filed a joint consent decree whereas Z.C.W. would be afforded all of the educational and related

services sought in the amended administrative complaint, in addition to several other services.

28. ALJ Tomassini-Segarra issued on April 29, 2015 a final resolution approving the terms and conditions of the parties' consent decree, and ordering them to the strict and timely compliance therewith.

29. The final resolution issued ALJ Tomassini-Segarra in case number 2013-100-083 will not be appealed by the DOE since it contains the same terms agreed to by the parties in the consent decree.

30. In view that all of the relief requested in the amended administrative complaint was obtained, <u>making plaintiffs the prevailing party</u>, IDEA's section 1415(i)(3)(B) provides for the payment of the attorney's fees, costs and expenses incurred in all such proceedings, as well as those additional fees and costs spent in the present litigation.

## FIRST CAUSE OF ACTION

31. Plaintiffs re-allege and incorporate paragraphs 1 through 30 of this *Verified Complaint*.

32. IDEA's section 1415(i)(3)(B) provides that a federal district court can award attorney's fees and costs to the parents or guardian of a child with a disability who is a prevailing party in an administrative or judicial proceeding. <u>See</u> <u>also</u> 34 C.F.R. § 300.517(a)(1)(i) (2010).

33. The relief requested in the aforementioned administrative proceeding was obtained via a written consent decree eventually approved by the ALJ, making plaintiffs the prevailing party in such proceeding. Consequently, plaintiffs are entitled to attorney's fees pursuant to 20 U.S.C. § 1415(i)(3)(B)(i)(I).

34. Plaintiffs request an award of the attorney's fees and costs incurred in administrative proceeding number 2013-100-083, and of those additional fees and costs which will be spent in the present litigation up to its final disposition.

35. Attached to this *Verified Complaint* is a detailed invoice for the legal services provided up to date by the undersigned counsel in case number 2013-100-083, and in the preparation and filing of the instant case complaint. See **Exhibit #1**, itemized invoice number 13567.

36. All of the costs and expenses itemized in Exhibit #1 were necessarily incurred in the successful prosecution of administrative proceeding number 2013-100-083, and in the preparation and commencement of the present legal action.

37. The hourly rate charged for the services provided by the undersigned attorney is $135.00 per hour charged in one tenth of an hour (.10) increments.

38. The hourly rate charged for the services of Mrs. Marta Díaz-Fonseca, paralegal, is $50.00 per hour, also billed in one

tenth of an hour (.10) increments.

39. The time entries with the initial "FJV" correspond to work performed by attorney Vizcarrondo, while those entries with the initials "MDF" correspond to work performed by the law firm's paralegal, Mrs. Marta Díaz Fonseca.

40. The undersigned attorney's $135.00 hourly rate was most recently deemed reasonable and appropriate by this Court for special education litigation in the cases of <u>Hernández-Meléndez v. Commonwealth of P.R.</u>, Civil No. 14-cv-1493 (J.A.F.), at docket no. 9 (Opinion and Order issued on August 29, 2014). <u>See</u> <u>also</u> <u>Ramos-Hernández v. Commonwealth of P.R.</u>, Civil No. 15-1208, at docket entry 10 (D.P.R. April 30, 2015); <u>Cintrón-Marzán v. Commonwealth of P.R.</u>, Civil No. 15-1213, at docket entry 11 (D.P.R. April 30, 2015).

41. Plaintiffs' counsel hourly fee has also been recognized as reasonable and appropriate by this Honorable Court in numerous other cases including, *inter alia,* <u>Hernández-Rodríguez v. Commonwealth of P.R.</u>, 764 F. Supp. 2d 338, 344 (D.P.R. 2011); <u>González-Pérez v. Commonwealth of P.R.</u>, Civil No. 12-1093 (JAF), at docket number 19 (Opinion and Order issued on November 16, 2012); <u>Rodríguez-Grau v. Commonwealth of P.R.</u>, Civil No. 12-1425 (FAB/CVR), at docket entry number 22 (Report & Recommendation issued by Magistrate Judge Camille Vélez-Rivé on November 16, 2012); <u>Warren-González v. Commonwealth of P.R.</u>,

9

Civil No. 12-1097 (FAB/MEL), at docket entry number 31 (Report & Recommendation issued by Magistrate Judge Marcos E. López on July 31, 2012); Reyes-Ortiz v. Commonwealth of P.R., Civil No. 12-1080 (FAB/BJM), at docket entries number 29, 35 and 36 (Opinion and Order issued on June 26, 2012); Santos-Díaz v. Commonwealth of P.R., Civil No. 11-1957 (JAF), at docket number 18 (Opinion and Order issued on May 16, 2012); Mercado-Nieves v. Commonwealth of P.R., Civil No. 10-1737 (JP/JAF), at docket number 45; Oliveras-Rivera v. Commonwealth of P.R., Civil No. 10-2218 (GAG), at docket entries number 9 and 10; García-Mejías v. Commonwealth of P.R., Civil No. 11-1247 (JAG) (BJM), at docket entries number 17, 19 and 20; and in Arroyo-Rivera v. Commonwealth of P.R., Civil No. 11-1927 (DRD), at docket entry number 15.

42. The undersigned attorney is a sole practitioner with ten years of experience actively litigating civil cases in both federal and state courts.

43. In May of 2000, the undersigned obtained a bachelor of science in business administration degree with majors in finance and management, as well as a minor in economics, with honors, from the University of Florida, Warrington College of Business Administration in Gainesville, Florida. Thereafter, the undersigned obtained a *juris doctor* degree, achieving *cum laude* honors, from the University of Puerto Rico, School of Law, in

10

June of 2003.

44. The undersigned was admitted to the Puerto Rico bar immediately following graduation from law school, achieving a 97 percentile result in the bar exam, having been sworn in January of 2004. Shortly thereafter, the undersigned was authorized to practice as a notary public in Puerto Rico.

45. On June 25, 2004, the undersigned was admitted to practice in this Honorable District Court (Bar No. 221714), and on September of 2004 to the U.S. Court of Appeals for the First Circuit (Bar No. 100945).

46. Since early 2004, the undersigned has been actively litigating multiple cases in federal and state courts. In fact, as of this date the undersigned figures as counsel in reported cases from this District Court and the First Circuit. See, e.g., Lloyd's of London v. Pagán-Sánchez, 539 F.3d 19, 2008 A.M.C. 1990 (1st Cir. 2008); Hernández-Rodríguez v. Commonwealth of P.R., 764 F. Supp. 2d 338 (D.P.R. 2011); Sylva v. Culebra Dive Shop, 389 F. Supp. 2d 189, 2005 A.M.C. 2344 (D.P.R. 2005). See also unpublished opinions available in the LexisNexis database such as Pinzón-Bilbrault v. Commonwealth of P.R., Civil No. 10-1630 (SEC), 2011 U.S. Dist. Lexis 72698 (D.P.R. July 6, 2011); Díaz-Báez v. Alicea-Vasallo, Civil No. 10-1570 (JAG), 2011 U.S. Dist. Lexis 39225 (D.P.R. March 31, 2011); Oliver v. Kmart Corp., Civil No. 08-1660, 2009 U.S. Dist. Lexis 21473 (D.P.R.

March 13, 2009); Ortiz-Zambrana v. García-Santiago, Case No. KLRA 2010-01175, 2011 PR App. Lexis 3259 (P.R. Ct. App. December 12, 2011); Rosado-Mojica v. Diagnostic Imaging Center, Case No. KLAN 2011-01386, 2011 PR App. Lexis 3600 (P.R. Ct. App. November 30, 2011); Ortiz-Zambrana v. García-Santiago, Case No. KLRA 2010-01175, 2010 PR App. Lexis 4827 (P.R. Ct. App. November 16, 2010); Pueblo International, LLC v. Plaza Las Américas, Inc., Case No. KLAN 2007-00265, 2008 PR App. Lexis 1913 (P.R. Ct. App. May 27, 2008); Popular Auto v. Vélez-Báez, Case No. KLCE 2006-01111, 2006 PR App. Lexis 3107 (P.R. Ct. App. November 30, 2006); Pueblo International, LLC v. Plaza Las Américas, Inc., Case No. KLCE 2004-00767, 2006 PR App. Lexis 1865 (P.R. Ct. App. August 25, 2006); Ayala-Rivera v. Banco Popular de P.R., Case No. KLCE 2005-00933, 2005 PR App. Lexis 2964 (P.R. Ct. App. September 26, 2005); Simons-Burgos v. Banco Popular de P.R., Case No. KLCE 2005-00074, 2005 PR App. Lexis 00721 (P.R. Ct. App. March 28, 2005); Pueblo International, LLC v. Plaza Las Américas, Inc., Case No. KLCE 2004-01007, 2004 PR App. Lexis 1789 (P.R. Ct. App. October 13, 2004); Pueblo International, LLC v. Plaza Las Américas, Inc., Case No. KLCE 2004-00572, 2004 PR App. Lexis 0781 (P.R. Ct. App. May 24, 2004).

47. Counsel for the appearing parties has effectively represented clients in numerous special education cases before administrative forums all over the Island, and in local and

12

federal judicial courts. See, e.g., Rojas-Mercado v. DOE, 2008-014-011, 2010-014-001; Delgado-López v. DOE, 2009-098-022, 2011-098-003, 2011-098-017; Mercado-Nieves v. Commonwealth of P.R., KPE 2010-1188 (907), KPE 2010-2188 (907), 10-1737 (JP/JAF); López-Lamboy v. Commonwealth of P.R., 10-1316 (FAB)(JA); Román-Hernández v. DOE, 2010-032-002, 2010-032-005; Candelaria-Agrón v. Commonwealth of P.R., KPE 2010-1737 (907); Vázquez-Padilla v. Commonwealth of P.R., 10-1966 (FAB); Santa-López v. DOE, 2010-021-011; Santa-Rodríguez v. Commonwealth of P.R., 11-1086 (SEC); García-García v. DOE, 2009-09-042, 2010-69-058; García-Mejías v. Commonwealth of P.R., KPE 2010-2964 (907), KPE 2010-4452 (907), 11-1247 (JAG)(BJM); Hernández-Rodríguez v. Commonwealth of P.R., 764 F. Supp. 2d 338 (D.P.R. 2011); Oliveras-Rivera v. Commonwealth of P.R., KPE 2010-3332 (907), KPE 2010-3333 (904), 10-2218 (GAG); López-Castro v. Commonwealth of P.R., KPE 2010-4828 (904), 11-1299 (DRD); Buono-Toledo v. DOE, 2010-020-008; Arroyo-Meléndez v. DOE, 2010-013-054; Santos-Ortiz v. DOE, 2010-004-035; Fernández-González v. DOE, 2010-050-005, 2011-050-006; Santa-Rodriguez v. Commonwealth of P.R., 11-1086 (SEC); Hernández-Santiago v. DOE, 2011-066-001; De la Cruz-Santiago v. DOE, 2011-066-002; Rosado-Galagarza v. DOE, 2011-073-004; Rodríguez-Betancourt v. DOE, 2011-100-019; Betancourt-Rodríguez v. DOE, 2011-100-026, 2011-100-072; Llaneza-Sarnelli v. DOE, 2011-030-035, 2011-030-080; Gonzalez-Warren v. DOE, 2011-069-019;

13

Prieto-Reyes v. DOE, 2011-069-019; Matos-Canales v. DOE, 2011-095-034; Morales-Rivera v. DOE, 2011-052-020; Meléndez-Rivera v. DOE, 2011-031-021; Arroyo-Rivera v. Commonwealth of P.R., 11-1927 (DRD); Galagarza-Flores v. Commonwealth of P.R., 11-1997 (GAG); Santiago-Morales v. Commonwealth of P.R., 11-2020 (GAG); Oquendo-Oliveras v. DOE, 2011-095-043; Robelo-Rodríguez v. DOE, 2011-107-049; López-De Jesús v. DOE, 2012-064-033; Pacheco-Cubero v. DOE, 2012-064-033; Santos-Díaz v. Commonwealth of P.R., Civil No. 11-1957 (JAF); Reyes-Ortiz v. Commonwealth of P.R., Civil No. 12-1080 (FAB); Betancourt-Morales v. Commonwealth of P.R., 12-1087 (GAG); Matos-Tallada v. Commonwealth of P.R., Civil No. 12-1131 (SCC); López-Lamboy v. Commonwealth of P.R., 12-1138 (JAG)(BJM); Sarnelli-Montero v. Commonwealth of P.R., 12-1209 (PG); Gómez-Pérez v. DOE, 2012-064-033; Colón-Ruiz v. DOE, 2012-064-033; Oquendo-Oliveras v. DOE, 2011-095-043, 2012-095-011; Rivera-Santiago v. DOE, 2012-064-033; De la Paz-Levine v. DOE, 2012-064-033; Menéndez-Vergara v. DOE, 2012-004-005; Ríos-Díaz v. DOE, 2012-101-030; Castrello-Lago v. DOE, 2012-064-033; Oliveras-Rosado v. Commonwealth of P.R., KPE 2012-1130 (907); Warren-González v. Commonwealth of P.R., Civil No. 12-1097 (FAB); Toledo-Barrionuevo v. Commonwealth of P.R., Civil No. 11-1949 (FAB); González-Pérez v. Commonwealth of P.R., Civil No. 12-1093 (JAF); Levine-Díaz v. Commonwealth of P.R., Civil No. 12-1804 (ADC)(SCC); Santiago-

Calderón v. Commonwealth of P.R., Civil No. 12-1708 (FAB)(CVR); Cubero-Pérez v. Commonwealth of P.R., Civil No. 12-1677 (PG).

48. In light of the educational and practical experience gathered by the undersigned attorney, the hourly rate of $135.00 is deemed reasonable. Such an hourly rate falls within the lower spectrum of the prevailing rate for attorney's in the legal community of Puerto Rico for specialized cases such as the one of caption. Moreover, when rates of $200.00 or more have been accepted by the Department of Education and ordered by the Court in similar cases to the one at hand. See, e.g., Zayas v. Commonwealth of Puerto Rico, 451 F. Supp. 2d 310, 315-16 (D.P.R. 2006). See also Gonzalez v. P.R. Dept. of Education, 1 F. Supp. 2d 111, 115 (D.P.R. 1998)(deeming as readaughterable a $135.00 hourly rate for a Puerto Rico attorney fourteen years ago).

49. In fact, the Zayas Court recognized that the lower end of the prevailing rate for attorneys in the Puerto Rico community was $110.00 per hour back in 2006. See Zayas, 451 F. Supp. 2d at 316. Hence, the $135.00 hourly rate of the undersigned counsel, billed in one tenth of an hour (.10) increments, should be held as readaughterable, as it has been recognized by this Court in Hernández-Rodríguez, 764 F. Supp. 2d at 344, and in the unpublished decisions issued in the González-Pérez, Rodríguez-Grau, Reyes-Ortiz, Arroyo-Rivera, Mercado-Nieves, López-Lamboy, and Oliveras-Rivera cases. See Civil No.

12-1093 (JAF), at docket number 19; Civil No. 12-1425 (FAB/CVR), at docket number 22; Civil No. 12-1080 (FAB), at docket numbers 29 and 35-36; Civil No. 11-1927 (DRD), at docket number 15; Civil No. 10-1737 (JP/JAF), at docket number 45; Case No. 10-1316 (FAB)(JA), at docket number 15; Case No. 10-2218 (GAG), at docket numbers 9-10.

50. Finally, the hourly rate of $50.00 for paralegals in cases for attorney's fees under the IDEA's Section 1415(i)(3) has been held as reasonable in this District. For example, this Court in Zayas fixed the plaintiffs' counsel paralegal hourly rate at $50.00. See Zayas, 451 F. Supp. 2d at 316.

51. The $50.00 hourly paralegal rate was held to be "the amount that is normally paid in the community for similar services" back in 2006. Id. (quoting Gonzalez v. P.R. Dep't of Educ., 1 F. Supp. 2d 111, 114 (D.P.R. 1998)). Hence, this same rate –billed in one tenth of an hour (.10) increments- should still be recognized as reasonable.

52. The $50.00 rate for paralegal, Mrs. Díaz-Fonseca, was upheld as reasonable by this Honorable District Court for special education litigation in Mercado-Nieves v. Commonwealth of P.R., Civil No. 10-1737 (JP/JAF), in an Order issued on June 9, 2011 and docketed at entry number 45 (page 6).

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiffs respectfully request that this

Honorable Court enter judgment in their favor and pursuant to IDEA's section 1415(i)(3)(B) order defendants to pay the attorney's fees and costs incurred in the due process proceedings, plus any additional fees and costs incurred in the prosecution of this action, as well as any other and further relief deemed just and proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 12th day of May, 2015.

*S/Francisco J. Vizcarrondo-Torres*
FRANCISCO J. VIZCARRONDO-TORRES
USDC-PR No. 221714
P.O. Box 195642
San Juan, P.R. 00919-5642
Tels No. (787) 296-9521/9523
Fax No.  (787) 777-1399
fvizcarrondo@fjvtlaw.com
fvizcarrondo@gmail.com