UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| MARÍA DEL CARMEN WARREN-GONZÁLEZ, et al.,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>DEPARTMENT OF EDUCATION OF THE COMMONWEALTH OF PUERTO RICO, et al.,<br><br>　　Defendants. | Civil No. 3:15-cv-01566 (JAF) |

**O R D E R**

Plaintiff, Mrs. María del Carmen Warren-González, personally and on behalf of her daughter, Z.C.W., an adult with disabilities, brings this action for attorney's fees and costs pursuant to section 1415(i)(3)(B) of the Individuals with Disabilities Education Act (hereinafter "IDEA"), 20 U.S.C. § 1415(i)(3)(B). (Docket Nos. 1, 10, & 11). IDEA's section 1415(i)(3)(B) provides that a federal district court can award attorneys' fees and costs to the parents of a child with a disability who is a prevailing party in an administrative proceeding. See 20 U.S.C. § 1415(i)(3)(B). *See also* 34 C.F.R. § 300.517(a)(1)(i) (2010).

In the verified complaint, Plaintiffs request an award of the attorney's fees and costs incurred in administrative proceeding number 2013-100-083, plus additional fees and costs incurred in the present litigation. Plaintiffs seek fees computed at an hourly rate of $135 per hour for the work of Attorney Francisco J. Vizcarrondo-Torres and $50 per hour for the work of paralegal Marta Díaz-Fonseca, totaling 105 hours and $13,475.25, for the period of November 11, 2013, through May 12, 2015, plus an additional $561.50

in costs, for an initial request of $14,036.75. Plaintiffs have since supplemented their initial request to include the fees they have incurred since May 12, 2015. (ECF No. 16.[1]) Plaintiffs request additional fees for 7.7 hours, or $1,039.50, and additional costs of $3.45. Plaintiffs' request now totals $15,079.70 ($14,514.75 in attorney and paralegal fees and $564.95 in costs).

20 U.S.C. § 1415(i)(3)(B) provides that "[i]n any action or proceeding brought under [section 1415 of the IDEA], the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability." "Under the IDEA, . . . the aggrieved child's parents . . . . may seek attorneys' fees as prevailing parties" through its fee-shifting provision. *Smith v. Fitchburg Pub. Sch.*, 401 F.3d 16, 18 n.1 (1st Cir. 2005). The fees awarded "shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished. No bonus or multiplier may be used in calculating the fees awarded under this subsection." 20 U.S.C. § 1415(i)(3)(C). The First Circuit has explained that the IDEA's fee-shifting provision should be interpreted in a manner consistent with the fee-shifting statute of the Civil Rights Act, 42 U.S.C. § 1988(b), and other similar fee-shifting statutes. *Doe v. Boston 2 Pub. Sch.*, 358 F.3d 20, 26 (1st Cir. 2004).

Defendants stipulate that Plaintiffs prevailed in the administrative hearing and are entitled to attorney's fees and costs under the IDEA. There is no dispute over the reasonableness of the hourly rate charged. "Fees are presumptively reasonable where the

---

[1] Defendants did not object to any of the requested fees and costs in the Supplemental Motion.

requesting party has multiplied a reasonable hourly rate by the number of hours reasonably spent on litigation." *See Gay Officers Action League v. Puerto Rico*, 247 F.3d 288, 293 (1st Cir. 2001) (*citing Hensley*, 461 U.S. at 433). The First Circuit has adopted the "lodestar approach," in which "the trial judge must determine 'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Id*. (*citing Hensley*, 461 U.S. at 433). In the lodestar method, "the judge calculates the time counsel spent on the case, subtracts duplicative, unproductive, or excessive hours, and then applies prevailing rates in the community (taking into account the qualifications, experience, and specialized competence of the attorneys involved)." *Id*. (*citing Lipsett v. Blanco*, 975 F.2d 934, 937 (1st Cir. 1992)).

The logged hours are reasonably spent on litigation unless "duplicative, unproductive, or excessive." *Id*. In addition, after calculation of the initial "amount of the award, attorney's fees may be reduced because of (1) the overstaffing of a case, (2) the excessiveness of the hours expended on the legal research or the discovery proceedings, (3) the redundancy of the work exercised, or (4) the time spent on needless or unessential matters." *Serrano v. Ritz-Carlton San Juan Hotel Spa & Casino*, 808 F. Supp. 2d 393, 398 (D.P.R. 2011) (*quoting Ramos v. Davis & Geck, Inc*., 968 F. Supp. 765, 775 (D.P.R. 1997)) (internal quotation marks omitted)).

Defendants object, however, to specific time entries of Plaintiffs' request and seek a reduction of $2,179.20 for time they deem as repetitive, unproductive, excessive, and/or constituting "mere clerical tasks." Specifically, Defendants seek a $2,098.20 reduction for drafting and reviewing documents, and planning and preparing for the administrative

hearing; $105.30 for fees associated with traveling; and $81.00 for e-mail communications with the client, administrative law judges and Defendants' counsels.

First, the court finds that the hourly rate requested is reasonable. This court has previously found that $135.00 per hour for Attorney Vizcarrondo's work is reasonable. *Hernandez-Melendez v. Puerto Rico*, 2014 WL 4260811, *2 (D.Puerto Rico, Aug. 29, 2014) ("Based on Attorney Francisco J. Vizcarrondo-Torres' expertise and experience the rate of $135.00 per hour is found to be appropriate, if not at the lower end for attorneys in the Puerto Rico community.") Plaintiffs have met the burden to show the reasonableness of the hourly rate. Defendants do not object to the hourly rate.

Similar to *Hernandez-Melendez*, Defendants want this court to apply a 40% reduction in the fees requested stating that the time spent by Attorney Vizcarrondo-Torres was excessive. The court agrees with the Defendants on a number of the contested fees:

| Description<br><br>*Entries for reviewing and drafting documents and legal research:* | Date | Hours Billed | Rate $ | Amount Billed $ |
|---|---|---|---|---|
| 1. Drafting of proposed consent decree | 12/29/2014 and 12/30/2014 | 3.6 | 135.00 | 486.00 |
| 2. Draft civil cover sheet and category sheet forms to attach to verified complaint | 5/11/2015 | 1.00 | 135.00 | 135.00 |
| 3. Final reviewing, editing and preparation for filing of verified complaint | 5/12/2015 | .5 | 135.00 | 67.50 |

The total contested entries where this court agrees that the hours billed are excessive total 5.1 hours, or $688.50. The court believes that an experienced lawyer, such as Attorney Vizcarrondo-Torres, would ordinarily accomplish such reviewing and drafting of the

above documents in less time. Accordingly, the court deducts 1.6 hours from the time spent drafting the proposed consent decree, .7 hours from the time spent filling out the civil cover sheet and additional forms to attach to verified complaint, and .3 hours from the time spent on final review and editing of the verified complaint, for a total deduction of 2.6 hours, or $351.00. The court disagrees that the remaining contested fees are excessive or duplicative.

Defendants next seek to cut the attorney's fees by 40% for entries regarding the travel time for Attorney Vizcarrondo-Torres. Defendants state these entries are vague and/or excessive given that Attorney Vizcarrondo-Torres's office is located within the metropolitan area of San Juan and was merely traveling to and from the Municipality of Carolina. The court disagrees. Here, the total time requested for travel time is 3.9 hours spanning four occasions. Essentially, Attorney Vizcarrondo-Torres averaged less than thirty minutes of drive time from his office in San Juan to his destinations in the Municipality of Carolina. After reviewing the time entries, and with the knowledge of the drive time in and around the San Juan metropolitan area, the court finds that the requested fees are reasonable.

Finally, Defendants seek to deduct $81.00 in fees for .6 hours of time billed for drafting email communications it identifies as clerical in nature. The court agrees that "clerical or secretarial tasks ought not to be billed at lawyers' rates, even if a lawyer performs them." *Lipsett v. Blanco*, 975 F.2d 934, 940 (1st Cir. 1992). Here, the Defendants take issue with the following entries:

| Description<br><br>*Entries for clerical tasks:* | Date | Hours Billed | Rate $ | Amount Billed $ |
|---|---|---|---|---|
| 1. Draft various e-mail communications to DOE's counsel, attorney Brenda Virella and Pedro Solivan, re: enclosing production of plaintiffs documentary evidence. | 12/12/2013 | 0.10 | 135.00 | 13.50 |
| 2. Draft e-mail communication to DOE's counsel, attorneys Brenda VirellaPedro Solivan, re: enclosing as requested production of Z.C.W.'s speech and language therapy progress report and intervention plan. | 2/25/2014 | 0.10 | 135.00 | 13.50 |
| 3. Draft e-mail communication to DOE's counsel, attorney Flory Mar De Jesus, re: proposed consent decree. | 12/30/2014 | 0.10 | 135.00 | 13.50 |
| 4. Draft e-mail communication to Mrs. Maria del Carmen Warren re: proposed consent decree. | 12/30/2014 | 0.10 | 135.00 | 13.50 |
| 5. Draft e-mail communication to DOE's counsel, attorney Flory Mar De Jesus, re: enclosing preliminary comments to amended draft of the consent decree submitted by the DOE. | 3/2/2015 | 0.10 | 135.00 | 13.50 |
| 6. Draft e-mail communication to DOE's counsel, attorney Flory Mar De Jesus, re: enclosing settlement stipulation signed by plaintiffs counsel and requesting counsel availability for her signing of the document. | 4/20/2015 | 0.10 | 135.00 | 13.50 |

The court agrees with Defendants that Plaintiffs have included time entries for clerical tasks. Accordingly, the court deducts .6 hours for clerical tasks, amounting to a deduction of $81.00 of the requested fees.

Having reviewed the briefs and accompanying documentation, the court finds Plaintiffs' fee request is reasonable and, hereby, GRANTS Plaintiffs' request for attorneys' fees as the prevailing party in the underlying administrative proceeding on behalf of the minor child. Plaintiffs are awarded $14,082.75 in attorneys' fees and $564.95 in costs, totaling $14,647.70, plus interest. Defendants are jointly and severally

liable to Plaintiffs in the amount of $14,647.70, plus any interest accrued.  Judgment shall enter accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 13th day of November, 2015.

                                                                  S/José Antonio Fusté
                                                                  JOSE ANTONIO FUSTE
                                                                  U. S. DISTRICT JUDGE